# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GARRISON JOHNSON, | ) | 1:06cv1708 AWI DLB |
| | ) | |
| | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| Plaintiff, | ) | REGARDING DISMISSAL OF ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DISTRICT COURT, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, a state prisoner proceeding pro se, filed the instant petition for writ of mandamus on November 27, 2006.

On December 11, 2006, the Court ordered Plaintiff to submit a completed application to proceed in forma pauperis within thirty (30) days of the date of service of the order. Over thirty (30) days have passed and Plaintiff has not complied with the Court's order.

## DISCUSSION

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's

failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal. This case has been pending since November 27, 2006. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order of December 11, 2006, expressly stated that failure to file a completed application to proceed in forma pauperis would result in a

1 recommendation that the action be dismissed.  Thus, Plaintiff had adequate warning that
2 dismissal would result from non-compliance with the Court's order(s).

### **RECOMMENDATION**

4       Accordingly, the Court RECOMMENDS that the action be dismissed for Plaintiff's
5 failure to follow the Court's order.

6       These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii,
7 United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and
8 Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District
9 of California.  Within thirty (30) days after being served with a copy, any party may file written
10 objections with the court and serve a copy on all parties.  Such a document should be captioned
11 "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections
12 shall be served and filed within ten (10) court days (plus three days if served by mail) after
13 service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to
14 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
15 specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951
16 F.2d 1153 (9th Cir. 1991).

18     IT IS SO ORDERED.

19     **Dated:   January 22, 2007**          **/s/ Dennis L. Beck**
    3b142a          UNITED STATES MAGISTRATE JUDGE